## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TIMOTHY BRYANT CHARLES (#345238)**      **CIVIL ACTION**

**VERSUS**

**NO. 19-27-SDD-RLB**

**RANDALL ROBERTSON, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 11, 2019.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TIMOTHY BRYANT CHARLES (#345238)**          CIVIL ACTION

**VERSUS**

                                                            NO. 19-27-SDD-RLB

**RANDALL ROBERTSON, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP") filed this proceeding pursuant to 42 U.S.C. § 1983 against Randall Robertson, Francis Abbott, Creshawnda Thompson, and James M. LeBlanc challenging the Parole Board's procedures, and defendant LeBlanc's investigation into his complaints regarding the same. He prays for injunctive and monetary relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff alleges that on two occasions a "L/D Review Board" was held outside of his presence by defendants Robertson, Thompson, and Abbott. The plaintiff further alleges that defendant LeBlanc failed to investigate his complaints relative thereto.

First, it is unclear whether the plaintiff has named the defendants herein in both their individual and their official capacities. As to any claims the plaintiff may be asserting against the defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in

*Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claims for monetary damages and injunctive relief asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

Regarding the plaintiff's allegations concerning the meetings of the parole board members, although a prisoner's challenge to a state's parole procedures may be brought under § 1983, the prisoner must show that those procedures created a liberty or property interest protected by the Due Process Clause. *See, e.g., Grennier v. Frank,* 453 F.3d 442, 444 (7th Cir.

2006). It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause, *Stevenson v. Louisiana Board of Parole*, 265 F.3d 1060 (5th Cir. 2001), and in the absence of such a liberty interest, a due process challenge to Parole Board procedures must fail. *Id*. (holding that where a state does not create a protected liberty interest in parole, inmates "are not entitled to challenge the procedures employed during their parole hearing under Due Process Clause"). *See also Hughes v. Owens*, 320 Fed. App'x 271 (5th Cir. 2009) (reliance on *Wilkinson v. Dotson* was misplaced as there was no state created liberty interest in parole); *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995).

Turning to the plaintiff's assertion that defendant LeBlanc failed to respond appropriately to his administrative grievances and/or informal complaints, these allegations fail to state a meritorious claim inasmuch as an inmate plaintiff is not constitutionally entitled to an investigation into his administrative claims or informal complaints, or to a fair or favorable response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless"). Accordingly, the plaintiff's Complaint does not state a claim cognizable in this Court.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over

which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on February 11, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."